IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ROBERT THOMAS, | ) | Civil No. 05-1646-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Merrill Schneider
P.O. Box 16310
Portland, OR 97292-0310

   Attorney for Plaintiff

Karin J. Immergut
U.S. Attorney
Neil J. Evans
Asst. U.S. Attorney
100 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Daphne Banay
Michael McGaughran
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075

   Attorneys for Defendant

FINDINGS AND RECOMMENDATION - 1

JELDERKS, Magistrate Judge:

Plaintiff Robert Thomas brings this action seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his application for Disability Insurance Benefits (DIB).  The Commissioner concedes that the decision denying plaintiff's application contains significant legal errors, and moves to remand this action to the agency for further administrative proceedings. The motion to remand for further proceedings should be denied, and the action should be remanded for an award of benefits.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB on June 25, 2002, alleging that he had been disabled since December 20, 2000. His application was denied initially on November 5, 2002, and was denied on reconsideration on July 10, 2003.

Pursuant to plaintiff's timely request, a hearing was held before Administrative Law Judge (ALJ) Ralph Jones in Portland, Oregon, on December 6, 2004.  Plaintiff and Ms. Patricia Ayerza, a Vocational Expert (VE), testified at the hearing.

In a decision dated January 15, 2005, the ALJ determined that plaintiff is not disabled.  That decision became the final decision of the Commissioner on August 31, 2005, when

FINDINGS AND RECOMMENDATION - 2

the Appeals Council denied plaintiff's request for review.
Plaintiff brought the present action to seek review of that
decision.

## FACTUAL BACKGROUND

Plaintiff was born on April 24, 1943, and was 61 years
old at the time of the hearing before the ALJ.  He graduated
from college in 1966, and completed additional management
training in 1988.  Plaintiff has relevant work experience as
a software salesman, a business systems analyst, and a
consultant.  The medical record indicates that plaintiff's
impairments include back and neck pain, hypertension, probable
hypertrophic cardiomyophathy, adult attention deficit
disorder, severe obstructive sleep apnea, obesity, narcolepsy,
benign prostatic hypertrophy, depression and/or bipolar
disease, and anxiety.

Plaintiff was incarcerated from October 31, 2002, through
September 18, 2003, based upon a conviction for forgery.  He
has agreed to pay $79,000 in restitution for a loss arising
from his conduct upon which the conviction was based.

## MEDICAL RECORD

Plaintiff's multiple medical problems are well documented
in the voluminous medical record.  The parties do not disagree

as to the contents of that record, or as to the necessity of a
remand because the ALJ's analysis of the medical evidence
included serious errors.  Instead, they disagree only as to
whether the action should be remanded for an award of
benefits, or for further proceedings.  Accordingly, I will not
summarize the entire medical record here, but instead will
simply address the medical record as it relates to the
parties' contentions in the discussion section below.

## STANDARD OF REVIEW

A claimant is disabled if he or she is unable "to engage
in substantial gainful activity by reason of any medically
determinable physical or mental impairment which . . . has
lasted or can be expected to last for a continuous period of
not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The
initial burden of proof rests upon the claimant to establish
his or her disability.  Roberts v. Shalala, 66 F.3d 179, 182
(9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996).  The
Commissioner bears the burden of developing the record.
DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's
decision if it is based on proper legal standards and the
findings are supported by substantial evidence in the record
as a whole.  42 U.S.C. § 405(g); see also Andrews v. Shalala,

FINDINGS AND RECOMMENDATION - 4

53 F.3d 1035, 1039 (9th Cir. 1995).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039.  The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation."  Andrews, 53 F.3d at 1039-40.

### DISABILITY ANALYSIS

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  20 C.F.R. §§ 404.1520, 416.920.  Below is a summary of the five steps, which also are described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Step One.  The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA). A claimant engaged in such activity is not disabled.  If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two.  20 C.F.R. § 404.1520(b).

FINDINGS AND RECOMMENDATION - 5

Step Two.  The Commissioner determines whether the
claimant has one or more severe impairments.  A claimant who
does not have such an impairment is not disabled.  If the
claimant has a severe impairment, the Commissioner proceeds to
evaluate claimant's case under Step Three.  20 C.F.R.
§ 404.1520(c).

Step Three.  Disability cannot be based solely on a
severe impairment; therefore, the Commissioner next determines
whether the claimant's impairment "meets or equals" one of the
impairments listed in the SSA regulations, 20 C.F.R. Part 404,
Subpart P, Appendix 1.  A claimant who has such an impairment
is disabled.  If the claimant's impairment does not meet or
equal one listed in the regulations, the Commissioner's
evaluation of the claimant's case proceeds under Step Four.
20 C.F.R. § 404.1520(d).

Step Four.  The Commissioner determines whether the
claimant is able to perform work he or she has done in the
past.  A claimant who can perform past relevant work is not
disabled.  If the claimant demonstrates he or she cannot do
work performed in the past, the Commissioner's evaluation of
the claimant's case proceeds under Step Five.  20 C.F.R.
§ 404.1520(e).

Step Five.  The Commissioner determines whether the
claimant is able to do any other work.  A claimant who cannot

FINDINGS AND RECOMMENDATION - 6

perform other work is disabled.  If the Commissioner finds
that the claimant is able to do other work, the Commissioner
must show that a significant number of jobs exist in the
national economy that the claimant can do.  The Commissioner
may satisfy this burden through the testimony of a vocational
expert (VE) or by reference to the Medical-Vocational
Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2.  If the
Commissioner demonstrates that a significant number of jobs
exist in the national economy that the claimant can do, the
claimant is not disabled.  If the Commissioner does not meet
this burden, the claimant is disabled.  20 C.F.R.
§ 404.1520(f)(1).

    At Steps One through Four, the burden of proof is on the
claimant.  Tackett, 180 F.3d at 1098.  At Step Five, the
burden shifts to the Commissioner to show that the claimant
can perform jobs that exist in significant numbers in the
national economy.  Id.


                        **ALJ'S DECISION**

    The ALJ found that plaintiff had not engaged in
substantial gainful activity since December 20, 2000, the date
of the alleged onset of his disability, and that he met the
requirements for DIB through the date of the decision.


FINDINGS AND RECOMMENDATION - 7

At the second step of his analysis, "giving the claimant all benefit of doubt," the ALJ found that plaintiff's "alleged" back and neck pain was a severe impairment, but that his "alleged" multiple joint pain, heart problems, dyspnea, and sleep apnea, hypertension, prostate problems, adult attention deficit disorder, and depression were not "severe" within the meaning of 20 CFR § 404.1520(b).

At the third step, the ALJ determined that, either singly or in combination, plaintiff's impairments did not meet or equal any of the impairments listed in Appendix 1, Subpart P, Regulation 4.

At the fourth step, the ALJ determined that plaintiff had the residual functional capacity required to perform a wide range of light work, with certain limitations, and that he retained the functional capacity to perform his past relevant work as a systems analyst, vice president of operations, retail store computer salesperson, and data entry clerk. Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Act, and did not proceed to step five of the disability analysis process.

## DISCUSSION

The Commissioner acknowledges that, in analyzing the severity of plaintiff's impairments, and in determining

FINDINGS AND RECOMMENDATION - 8

whether those impairments met or equaled the listings, the ALJ committed errors that require that this action be remanded to the agency. Def. mem. in support of remand at 2. The Commissioner also acknowledges that this court has discretion to remand the action for an award of benefits. Id. In addition, the Commissioner acknowledges that the ALJ rejected the opinions of plaintiff's treating physicians without providing the required support, that the ALJ failed to provide the required support for his conclusion that plaintiff's testimony about the severity of his pain, fatigue, and functional limitations was not credible, and that the ALJ erred in failing to "address or provide reasons to reject" statements of a lay witness. The Commissioner also concedes that the ALJ's assessment of plaintiff's residual functional capacity was flawed because it failed to consider and address relevant medical opinions, and that the ALJ's conclusion that plaintiff could perform his past relevant work was flawed because the ALJ failed to consider all the relevant evidence.

I will briefly review the more serious of the numerous errors in the ALJ's opinion.

Dr. Charles Oh, one of plaintiff's treating physicians, concluded that plaintiff suffers from chronic obstructive sleep apnea syndrome, severe narcolepsy, major depression, hypertrophic cardiomyopathy, chest pain, cervical disc

degeneration, degenerative disc disease with associated lumbar facet arthritis, right knee pain, chronic tendonitis of the left Achilles heel, hyperthyroidism, hypertension, and hyperlipidemia.  Dr. Oh opined that, because of these impairments, plaintiff could not stand and walk for more than 2 hours during an 8-hour workday, and could sit for fewer than 6 hours during an 8-hour workday.

Dr. Mustaquim Chowdhury, another of plaintiff's treating physicians, also concluded that plaintiff suffers from these impairments, and concluded that plaintiff was subject to the same limitations in standing, walking and sitting. Dr. Chowdhury further opined that plaintiff should lift no more than 10 pounds, and would need to lie down for more than the period normally allowed for breaks during an 8-hour workday.

Because treating doctors have a greater opportunity to know and observe their patients, their opinions are given greater weight than are the opinions of other physicians. E.g., Rodriguez v. Bowen, 876 F.2d 759, 761-62 (9th Cir. 1989); 20 C.F.R. § 404.1527(d).  Accordingly, an ALJ must support the rejection of a treating physician's opinion with "findings setting forth specific and legitimate reasons for doing so that are based on substantial evidence in the record."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.

FINDINGS AND RECOMMENDATION - 10

1989).  Rejection of a treating physician's uncontroverted opinion must be supported by clear and convincing reasons. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

As the Commissioner correctly acknowledges, the ALJ committed reversible error in rejecting the opinions of Dr. Oh and Dr. Chowdhury, two of plaintiff's treating physicians, and instead relying on the state agency non-examining medical consultant's assessment.  The opinions of these treating physicians were not contradicted by any other treating or examining physicians, and the ALJ neither set out specific and legitimate reasons for rejecting these opinions in favor of the opinion of a non-examining physician, nor provided clear and convincing reasons for rejecting their largely uncontroverted opinions.

If credited, the opinions of Dr. Oh and Dr. Chowdhury establish that plaintiff is disabled within the meaning of the Act.  These doctors opined that plaintiff is limited to standing and walking for no more than 2 hours, and is limited to sitting for less than 6 hours during an 8-hour workday. Dr. Chowdhury also opined that plaintiff needs to lie down for more than the time allowed for scheduled breaks during an 8-hour workday.  At the hearing before the ALJ, the VE testified that sedentary work requires the ability to sit for 6 hours and stand for 2 hours during an 8-hour day, a requirement that is beyond the functional capacity assessed by

plaintiff's treating physicians.  In addition, Dennis Kviz, who had employed plaintiff part-time in June and July, 2004, submitted a statement indicating that plaintiff could not work more than 1.5 hours a day because of his physical problems, fatigue, and lack of stamina.  As the Commissioner acknowledges, the ALJ did not address this lay witness's statement, or provide any reason for discounting Mr. Kviz's observation concerning plaintiff's symptoms and the effect of plaintiff's impairments on his ability to work.  As discussed more fully below, the failure to do so constituted legal error.  See, e.g., 20 C.F.R. § 404.1513(e)(2) (Commissioner will consider observations of non-medical sources concerning effect of impairments on claimant's ability to work).

When an ALJ has provided inadequate reasons for rejecting the opinion of a treating or examining physician, that opinion is credited as a matter of law.  Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).  A reviewing court then has discretion to remand the action for further administrative proceedings or for a finding of disability and an award of benefits.  See, e.g., Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985).  Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings.  Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000).  A reviewing court should credit evidence and remand for a finding of disability and an award

of benefits if: 1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; 2) there are no outstanding issues to be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited.  Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

Applying these standards, I conclude that remanding the present action for further proceedings would result only in a needless delay in plaintiff's receipt of benefits, and that the action instead should be remanded for an award of benefits.  The Commissioner concedes that the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Dr. Oh and Dr. Chowdury, and the opinions of those treating doctors is credited as a matter of law.  Though the Commissioner contends that outstanding issues must be resolved before a determination of disability is made, the record as a whole does not support that assertion.  Instead, it supports the conclusion that, if the opinions of these doctors are credited, an ALJ would be required to find plaintiff disabled.  The opinions of Dr. Oh and Dr. Chowdury concerning plaintiff's numerous impairments and the effects of those impairments on plaintiff's functional capacity are fully consistent with and supported by the medical record.  That medical record, which is fully developed, supports the conclusion that, contrary to

the ALJ's determination, plaintiff suffers from multiple
severe impairments.  Even if, as appears unlikely, these
impairments did not meet or equal an impairment requiring a
finding of disability under the listings, the limitations set
out in the opinions of Dr. Oh and Dr. Chowdury would preclude
plaintiff's performance of sedentary work and would
accordingly require a finding of disability.

    Although my conclusion that this action should be
remanded for an award of benefits based upon errors in
rejecting the medical opinions discussed above make it
unnecessary to do so, I will briefly address other errors that
also support the conclusion that this action should be
remanded for an award of benefits.  As noted above, the ALJ
did not address or provide any reasons for rejecting the lay
witness statement of Dennis Kviz.  In December, 2004, Kviz
stated that he had known plaintiff for approximately 16 years.
Kviz stated that he had employed plaintiff from 1989 to 1992,
and had employed plaintiff part-time during two months in
2004.  Kviz stated that he wanted to employ plaintiff full-
time, but that plaintiff's physical problems prevented him
from working more than 1.5 hours a day.

    The ALJ did not address Kviz's statement.  In concluding
that plaintiff is not disabled, the ALJ impliedly rejected
Kviz's statements about plaintiff's ability to perform gainful
activity.  He erred in doing so without providing any reasons,

FINDINGS AND RECOMMENDATION - 14

because an ALJ "must give reasons that are germane" for rejecting the statements of a lay witness. <u>Dodrill v. Shalala</u>, 12 F.3d 915, 919 (9th Cir. 1993).

In addition, the ALJ erred in failing to consider the opinions of Dr. Marilyn Rudin and Dr. Jeffrey Bluhm, who were examining physicians. Based upon tests he conducted, Dr. Bluhm diagnosed chronic severe sleep apnea and chronic, severe narcolepsy. Dr. Bluhm noted that plaintiff's test results were consistent with "pathologic sleepiness." Dr. Rudin also conducted tests, and diagnosed "severe obstructive sleep apnea complicated by autonomic cardiac dysfunction, serious desaturation to 78 percent, and a marked periodic leg movement disorder."

The Commissioner concedes that, in addition to this error, the ALJ's determination that plaintiff's narcolepsy was not severe was based on his erroneous assumption that Dr. Ironside had merely repeated plaintiff's own assertion that he suffered from that impairment. The Commissioner notes that Dr. Ironside actually opined that a diagnosis of narcolepsy was consistent with plaintiff's test results, which were in the "severely abnormal" range.

Finally, the ALJ did not provide substantial support for his conclusion that most of plaintiff's impairments were not severe. Though the ALJ purported to give "full weight to the medical evidence of record," he clearly did not. The ALJ

cited exhibits 1F, 2F, 3F, 4F, 6F, 7F, 8F, 10F, 11F, 12F, 13F, 14F, 15F, 16F, and 17F as support for his conclusion that no impairments other than plaintiff's neck and back pain were severe.  However, he did not explain how those portions of the record support the conclusion that plaintiff's impairments were not severe, and the exhibits cited in fact support the conclusion that several of plaintiff's impairments were "severe" within the meaning of the relevant regulations.

As the Commissioner concedes, the decision denying plaintiff's application for benefits is seriously flawed, and must be remanded.  For the reasons set out above, the action should be remanded for an award of benefits.


## CONCLUSION

Defendant's request for an Order remanding this action for further proceedings (#17) should be DENIED, and Plaintiff's request for an Order remanding the action for an award of benefits (#2) should be GRANTED.  A judgment should be entered remanding this action for an award of benefits.


## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due April 12, 2007.  If no objections are filed, review of the

FINDINGS AND RECOMMENDATION - 16

Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 27th day of March, 2007.


          /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION - 17